CHARLES W. TARBOX, Appellant, v. ELISABETH SHEPMAN, Respondent.

APPEAL by the plaintiff from a judgment of the Municipal Court entered on a verdict in favor of defendant for $249.60, the full amount of her counterclaim against the plaintiff.

F. Grady, for appellant.

W. T. Fox, for respondent.

GREENBAUM, J. The plaintiff had employed the defendant as an expert bookkeeper. Both the dates of the commencement and termination of the services are in dispute. Both parties are agreed, however, that there were two periods of employment, with an interval of non-employment of seven weeks intervening. Plaintiff sues to recover the sum of $239 paid to defendant during the first period, as damages for her failure to properly keep his books, and also for the sum of $257.85, which as he claims was a loan to her. The defendant counterclaims in the sum of $249.60, of which four dollars and sixty cents were disbursements made by her as alleged, on plaintiff's behalf, and the balance arrearages of salary.

As to her counterclaim, the burden of proof was, as the trial court properly charged, upon the defendant. Her uncorroborated testimony, the only evidence in support of the counterclaim, is unqualifiedly contradicted by the plaintiff. That being so, she has failed to sustain the burden of proof (Campbell Printing Press Co. v. Yorkston, 11 Misc. Rep. 340), unless we find some corroborative testimony. But Exhibits No. 6 and No. 9, which are a statement in defendant's handwriting, signed with her initials, and a letter written by her to the plaintiff, unexplained as they are, entirely corroborate the plaintiff's story. An important point in dispute between them was whether her first employment began on March thirteenth, as she swore, or on May second, as plaintiff and his wife did. In the memorandum Exhibit No. 6, she says, " I began work on May 2d, etc." Under the circumstances, the defendant's counterclaim cannot be said to have been legally established.

The judgment must be reversed, and a new trial granted. Costs to appellant to abide the event.

FREEDMAN, P. J., and GIEGERICH, J., concur.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.